IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILL LIETZKE, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF MONTGOMERY, REESE MCKINNEY, and D.T. MARSHALL, <br><br> Defendants. | 4:19CV3096 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the court upon Plaintiff Bill Lietzke's ("Plaintiff" or "Lietzke") Complaint (filing no. 1) filed on September 13, 2019, and Motion to Proceed in Forma Pauperis ("IFP") (filing no. 2-1).[1] Lietzke's Complaint is unsigned, and he has failed to correct the signature deficiency as directed by the Clerk of the Court. (*See* Text Notice of Deficiency, Doc. No. 6.) Notwithstanding the signature deficiency, having considered the motion and reviewed the pleadings in this matter, the court finds that Lietzke is financially eligible to proceed in forma pauperis but that this lawsuit should be dismissed for lack of venue.

## I. BACKGROUND

Lietzke's Complaint alleges claims against the County of Montgomery, Reese McKinney, and D.T. Marshall for violations of his constitutional rights. (Filing No. 1.) Liberally construed, Lietzke maintains that between the years 1999 and 2002, Montgomery County sheriff's officers seized him from his home, involuntarily took him to Montgomery County probate, and then involuntarily confined him in a psychiatric hospital. He seeks $3.0 billion in damages.

---

[1] Lietzke's IFP motion was unsigned when originally filed, but he filed a signed copy of the motion on October 21, 2019 as directed by the Clerk of the Court. (*See* Filing No. 2; Text Notice of Deficiency, Doc. No. 7.)

Lietzke has filed complaints with nearly identical allegations on at least 8 other occasions, including in this court. *See Lietzke v. County of Montgomery, et al.*, No. 4:16-CV-03021-RGK-PRSE (D. Neb. 2016) (Filing No. 8, April 8, 2016 Memorandum and Order dismissing case for lack of venue). Other courts where Lietzke has filed these complaints include Alabama, Alaska, Idaho, Utah, and Texas, and these cases were all dismissed. *See Lietzke v. City of Montgomery, et al.*, No. 2:17-CV-00714-MHT-GMB, No. 2:17-CV-00674-MHT, 2018 WL 4677837, at *4 (M.D. Ala. Aug. 8, 2018) (recommending dismissal of complaint on the merits), *adopted in part*, 2018 WL 4030696, at *1 (M.D. Ala. Aug. 23, 2018) (magistrate judge's recommendation adopted, except for recommendation to consolidate Plaintiff's fifteen other cases); *Lietzke v. County of Montgomery, et al.*, No. 2:07-CV-00814-MHT (M.D. Ala. Nov. 9, 2007) (accepting recommendation and dismissing case as barred by res judicata and statute of limitations); *Lietzke v. County of Montgomery, et al.*, No. 3:19-CV-00141-TMB (D. Alaska June 11, 2019) (dismissing complaint for lack of personal jurisdiction, improper venue, and frivolity); *Lietzke v. County of Montgomery*, No. 1:12-CV-00145, 2012 WL 5449623 (D. Idaho May 29, 2012), *adopted*, 2012 WL 5449617, at *1 (D. Idaho, Nov. 5, 2012) (dismissing for lack of personal jurisdiction and venue); *Lietzke v. County of Montgomery, et al.*, No. 2:12-CV-00268, 2013 WL 1033037 (D. Utah Feb. 21, 2013), *adopted*, 2013 WL 1031725 (D. Utah Mar. 14, 2013) (accepting recommendation and dismissing case for lack of personal jurisdiction, improper venue, and as barred by the statute of limitations); *Lietzke v. County of Montgomery, et al.*, No. 3:13-CV-04468 (N.D. Tex. Mar. 7, 2014) (accepting recommendation and dismissing case as duplicative and frivolous).

## II. DISCUSSION OF CLAIMS

Venue is generally governed by 28 U.S.C. § 1391, which provides, in pertinent part, that a civil action may be brought in (1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events

giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction if there is no district in which an action may otherwise be brought. Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether dismissal or transfer is in the interests of justice is committed to the sound discretion of the district court." *Poku v. F.D.I.C.*, 752 F. Supp.2d 23, 26–27 (D.D.C. 2010) (quotation omitted).

Here, Lietzke alleges that this court has both federal question jurisdiction and diversity of citizenship jurisdiction. (Filing No. 1.) However, from the face of the Complaint, it is clear that venue is improper in the District of Nebraska. None of the events described in the Complaint occurred in Nebraska, the Complaint suggests that Defendants reside in Alabama,[2] and Lietzke resides in Alabama.

Because the court has concluded that venue is improper, the court must either dismiss this case or transfer it to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). The court finds dismissal without prejudice is the appropriate action in this case. This court previously questioned the merit of Lietzke's claims and remarked that his claims based on events that allegedly occurred between 1999 and 2002 were probably time barred. (Filing No. 8, Case No. 4:16-CV-3021.) In this regard, the court takes judicial notice of the fact that the U.S. District Court for the Middle District of Alabama dismissed a nearly identical complaint on the merits, concluding that Lietzke's claims were barred by the applicable statute of limitations. Thus, Lietzke's continued litigation of his claims would appear to be duplicative and frivolous. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (district courts may dismiss duplicative complaints

---

[2] While Lietzke asserts that "the County of Residence of the Defendants [is] unidentified and unknown to the Plaintiff," (filing no. 1 at CM/ECF p. 1), there is absolutely no indication that any of the Defendants reside in Nebraska nor can the court reasonably infer that any Defendants reside within Nebraska from the Complaint's allegations.

under 28 U.S.C. § 1915 as frivolous). Also, Lietzke should have realized prior to filing the Complaint that Nebraska was an improper venue, especially in light of his other cases based on the same fact pattern and this court's ruling in his previously-filed identical case. *See Weldon v. Ramstad-Hvass*, 512 Fed. Appx. 783, 798 (10th Cir. 2013) (stating that the factors a court should consider in evaluating whether transfer is appropriate are (1) whether the new action would be time-barred; (2) whether the plaintiff's claims have merit; and (3) whether the plaintiff should have realized the chosen forum was improper). Accordingly, Lietzke's action will be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Filing No. 2) is granted.

2. This case is dismissed without prejudice to reassertion in the proper forum.

3. Judgment will be entered by separate document.

Dated this 22nd day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
